IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-CR-10030 |
| | ) | |
| JERMAINE L. LEE, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER AND OPINION

This matter is now before the Court on Defendant Lee's Second Amended Motion for Compassionate Release (D. 204) and the Government's Response (D. 207). For the reasons set forth below, Defendant's Motion is DENIED.

### BACKGROUND

On May 22, 2008, Defendant was charged with conspiracy to distribute more than fifty grams of crack cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count I), distribution of more than five grams of a mixture and substance containing crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Counts II and IV), distribution of more than five grams of crack cocaine in violation of § 841(a)(1) and (b)(1)(B) (Count III), and possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1) (Count V). (D. 1). After a three-day bench trial, Defendant was found guilty on all counts. (d/e on 03/11/2009). On June 26, 2009, the Court imposed a below-guidelines sentence of 240 months of imprisonment to run concurrently on all five counts and five years of supervised release. (D. 83).

On May 21, 2020, Defendant filed a Motion to Reduce Sentence under Section 404(b) of the First Step Act. (D. 180). On June 25, 2020, the Court granted Defendant's Motion and reduced

1

his sentence to 216 months on Counts I-V, to be served concurrently. (d/e on 06/25/2020). As a result of this reduction, Defendant's expected release date is June 13, 2023. (D. 200, pp. 1-2).

Presently before this Court is Defendant's third attempt at being granted compassionate release. Defendant's first Motion for Compassionate Release was filed on April 16, 2020, based on underlying medical conditions and the COVID-19 pandemic ("First Motion"). (D. 170). His First Motion was denied during a hearing on May 21, 2020. (d/e on 05/21/2020).

On July 27, 2020, Defendant filed a second Motion for Compassionate Release, claiming the presentence investigation report had given him an additional two points for violating supervision, which changed his criminal history ("Second Motion"). (D. 196). On August 3, 2020, the Court denied Defendant's Second Motion because the relief sought was improperly brought as a motion for compassionate release and this Court had previously reduced Defendant's sentence pursuant to § 404(b) of the First Step Act. (d/e on 08/03/2020).

On August 13, 2021, Defendant filed a third Motion for Compassionate Release, which was dismissed without prejudice due to Defendant's failure to comply with 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement. (D. 199) (d/e on 08/30/2021). On September 3, 2021, Defendant filed a Second Amended Motion for Compassionate Release ("Third Motion") based on his mother's poor health and his brother's disability to serve as their primary caregiver. (D. 204). On September 15, 2021, Defendant filed a Supplement to his Third Motion, which included a portion of his mother's medical records. (D. 206) (D. 206-1). On September 21, 2021, the Government filed a response in opposition. (D. 207). This Order follows.

## LEGAL STANDARD

Before filing a motion for compassionate release, a defendant is required to first request that the Bureau of Prisons (BOP) file a motion on his or her behalf. 18 U.S.C. § 3582(c)(1)(A). A

court may grant a motion only if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after thirty days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

The compassionate release statute directs the Court to make three considerations: (1) whether extraordinary and compelling reasons warrant a sentence reduction; (2) whether a reduction is consistent with the factors listed in 18 U.S.C. § 3553(a); and (3) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1). The Seventh Circuit provided further instruction regarding the proper analysis when evaluating a motion for a discretionary sentencing reduction under § 3582(c)(1)(A) based on "extraordinary and compelling" reasons, which includes two steps. *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021).

> At step one, the prisoner must identify an "extraordinary and compelling" reason warranting a sentence reduction…. Upon a finding that the prisoner has supplied such a reason, the second step of the analysis requires the district court, in exercising the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner.

*Id.* The Seventh Circuit has also held that "because the Guidelines Manual lacks an applicable policy statement, the trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. *United States v. Gunn,* 980 F.3d 1178, 1180 (7th Cir. 2020). This Court is therefore not bound by the Sentencing Commission's analysis in § 1B1.13 or the application notes regarding the definition of "extraordinary and compelling reasons." *Id*. at 1181.

## DISCUSSION

The Court finds the exhaustion requirement has now been met and will address this matter on the merits. Defendant requests compassionate release to serve as the primary caregiver for his

incapacitated mother and disabled brother. Defendant argues that his mother recently suffered a stroke which left her incapacitated, and as a result, she is unable to care for herself or Defendant's disabled brother. (D. 204). Defendant proposes these familial circumstances qualify as an "extraordinary and compelling" basis for immediate release, or in the alternative, home confinement. *Id.* at p. 2.

### I.     Familial Circumstances

Pursuant to USSG § 1B1.13, familial hardship can constitute grounds for compassionate release in two instances: (1) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children"; or (2) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." § 1B1.13 n.1(C)(i)-(ii). However, in *United States v. Gunn,* the Seventh Circuit clarified that courts are not bound by the Sentencing Commission's analysis in § 1B1.13 regarding the definition of "extraordinary and compelling" reasons, but strongly suggested that those guidelines are still relevant to district courts' decisions. 980 F.3d at 1180-81.

### A. Defendant's Mother

Defendant has provided 101 pages out of the 1,200 pages he has of his mother's medical records. (D. 206) (D. 206-1). This Court has carefully reviewed these medical records, which proved difficult as the records regarding her diagnosis, treatment, and care were incomplete. *See id.* The records also fail to provide any information regarding Defendant's mother's prognosis. Based on the information provided, it is clear Defendant's mother suffered a fall and was admitted to an emergency department on June 26, 2021. (D. 206-1, pp. 1-6). The emergency department admission and treatment notes were not included, and therefore, this Court could not ascertain the extent of her injuries. There is no indication that she suffered a stroke as the Defendant claims.

Defendant's mother was discharged from the hospital to an extended care facility on July 20, 2021, with the principal medical problem noted being acute renal failure due to rhabdomyolysis. *Id.* at p. 71. At the extended care facility, she was placed on sanctuary hospice care. On August 7, 2021, the records show that the extended care facility was processing a request by the family for Defendant's mother to be discharged home with hospice services. *Id.* at p. 15. No records have been produced showing whether his mother was in fact discharged home per her family's request or if she currently remains in the extended care facility as Defendant claims. This Court was provided no additional medical records for Defendant's mother from August 2021 to present.

While Defendant urges this Court for his immediate release so he can bring his mother home and serve as her primary caregiver before she dies, it is clear he is not being entirely truthful with the Court regarding his mother's medical condition and the treatment provided. Defendant specifically cites fear of his mother's exposure to COVID-19 if she remains at the extended care facility, but the Court does not know if she still lives there. Additionally, even if she is, a general concern that there might be a COVID-19 outbreak and that his mother might be infected sometime in the future is speculative at best.

Furthermore, the records clearly indicate that Defendant's mother's family requested her discharge. This indicates to the Court that there are other family members available to provide her with care that the Defendant has failed to disclose. On the other hand, if she is still at the extended care facility, then she is receiving care from medical professionals and staff. Either way, Defendant is not the only person available to provide care for his mother if needed.

**B. Defendant's Brother**

Defendant also claims to have a disabled brother who needs his care but has produced no medical records relating to his brother's current medical condition. Attached to Defendant's Third Motion is letter from his aunt, Mary Johnson ("Aunt Mary"), stating Defendant's brother needs to be taken to the doctor once a month, must take medication every evening, and is schizophrenic. (D. 204-2). The Third Motion also states that Aunt Mary is currently caring for his brother and visiting him at his home three times a day. (D. 204, p. 6). While Defendant claims these visits are insufficient and his brother needs someone to reside with him full-time, there is no evidence of a physician recommendation supporting this position. Additionally, even if this were true, there are other family members available to provide care for his brother if needed.

Based on the foregoing, the Court finds Defendant has failed to meet his burden of establishing "extraordinary and compelling" circumstances justifying his release.

## II. The § 3553(a) factors do not warrant a sentence reduction.

The Seventh Circuit has held that the proper analysis when evaluating a motion for a discretionary sentencing reduction under § 3582(c)(1)(A) based on "extraordinary and compelling" reasons must proceed in two steps. *Thacker,* 4 F.4th at 576. First, the prisoner must identify an "extraordinary and compelling" reason warranting a sentence reduction. *Id.* Upon a finding that an "extraordinary and compelling" reason exists, step two requires a district court to exercise its discretion to consider any applicable sentencing factor in § 3553(a) to determine what sentence reduction to award the prisoner. *Id.*

Here, this Court found that Defendant failed to identify an "extraordinary and compelling" reason warranting a sentence reduction. Therefore, the Court need not consider the sentencing factors under § 3553(a).

### III. District Court lacks authority to change place of imprisonment.

Finally, Defendant argues this Court should consider his alternative request that he be transferred to home confinement. However, an inmate in home confinement remains in the custody of the BOP, who has plenary control over its inmates' placements. *See United States v. Saunders,* 986 F.3d 1076, 1078 (7th Cir. 2021). This Court has no authority to change a federal inmate's place of imprisonment, and therefore, it will not consider Defendant's alternate request for transfer to home confinement in this ruling.

## CONCLUSION

For the reasons set forth above, Defendant's Second Amended Motion for Compassionate Release [204] is DENIED.

ENTERED this 12th day of October, 2021.

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Court Judge
